■ FULTON COUNTY NATIONAL BANK AND TRUST COMPANY, Respondent, v FULTON AUTOMOTIVE CORPORATION, Appellant. (Action No. 1.) FULTON COUNTY NATIONAL BANK AND TRUST COMPANY, Respondent, v FULMONT MOTORS CORPORATION, Appellant. (Action No. 2.)—Levine, J. Appeals from two orders of the Supreme Court at Special Term (Mercure, J.), entered September 21, 1984 in Fulton County, which denied defendants' motion to vacate default judgments entered against them.

The Fulton County National Bank and Trust Company (plaintiff) commenced separate actions against defendants on

notes signed by Kenneth Keith, the principal and sole stockholder of defendant corporations, by the service of a summons and complaint on the Secretary of State, in accordance with Business Corporation Law § 306. Defendants failed to timely appear and answer and default judgments were entered on the notes for $454,142 and $133,107, respectively. Subsequently, claiming that they did not personally receive notice of the actions and that they had good defenses, defendants moved pursuant to CPLR 317 to vacate the default judgments. Special Term denied the motion on the ground that defendants' affidavit of merit did not show they had meritorious defenses.

On appeal, defendants contend that Special Term erred in rejecting their affidavit of merit and, in any event, the court should not have reached that issue because plaintiff conceded that service of the summons and complaint was "inappropriate".

As regards the claim of a concession of defective service, plaintiff merely stipulated that defendants did not personally receive actual notice of the actions. This alone is not sufficient to relieve a default under CPLR 317. There is no evidence in the record supportive of defendants' claim that service pursuant to Business Corporation Law § 306 was improper.

Defendants' position regarding the merits of their defenses is equally groundless. In another action involving one of defendant corporations, Keith admitted to signing the subject notes, but submitted an affidavit of merit on defendants' behalf in this action alleging the notes were fraudulently completed by plaintiff. UCC 3-115 (1) provides that incomplete notes may subsequently be completed pursuant to authorization by the maker. Here, where the evidence showed that defendants accepted the proceeds of the notes without objection, authorization to complete them was implicit *(First Natl. City Bank v Cooper,* 50 AD2d 518). Defendants had the burden of proving unauthorized completion (UCC 3-115 [2]), yet Keith's affidavit failed to address the issue of defendants' acceptance of the proceeds. Instead, the affidavit consisted primarily of unsubstantiated, conclusory allegations and focused upon issues pertinent to other actions pending between the parties. To vacate a default judgment, defendants must offer factual support for their defenses. Mere conclusions are insufficient *(Weiner Furniture v Dolphin Equip. Leasing Corp.,* 67 AD2d 755, 756; *Investment Corp. v Spector,* 12 AD2d 911). Accordingly, the orders should be affirmed.

Orders affirmed, with costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.