■ CAROL B. NULMAN, Appellant, v EDITH HALL, Respondent. (And a Third-Party Action.)—Harvey, J. Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered December 11, 1984 in Madison County, which denied plaintiff's motion to renew and reargue an order granting defendant's motion for a change of venue.

Plaintiff commenced this negligence action seeking damages as a result of an automobile accident which occurred in the Town of Sommers, Westchester County, on November 23, 1983. Plaintiff designated New York County as the place of trial, ostensibly on the basis of her residence in that County. Thereafter, defendant moved for a change of venue to Madi-

son County, submitting a copy of plaintiff's motor vehicle accident report which showed plaintiff as having a Massachusetts address. In opposition to the motion, plaintiff submitted documentary evidence which indicated her address as 255 East 23rd Street in New York City. However, plaintiff did not submit her own affidavit to establish that the New York City address was her actual domicile. On the proof submitted on the motion, Special Term found that defendant clearly established her own residence to be in Madison County. On the other hand, Special Term found plaintiff's documentary evidence as to her residence to have been inconclusive. Thus, Special Term granted defendant's motion and ordered that the place of trial be in Madison County (CPLR 510, 511). Plaintiff did not appeal from that order. After the time period for an appeal had expired (CPLR 5513 [a]), plaintiff moved pursuant to CPLR 2221 for leave to renew and reargue the prior order. Special Term denied the motion and plaintiff appeals.

Special Term properly denied plaintiff's motion. Plaintiff's motion for renewal or reargument is, in essence, no more than a motion for reargument since plaintiff has presented no new matter which was unavailable at the time when plaintiff opposed defendant's motion for a change of venue (*Matter of Dowling v Bowen*, 53 AD2d 862, *lv denied* 40 NY2d 806). There was no showing of any valid reason why plaintiff's affidavit was not submitted on the original motion (*see, Foley v Roche*, 68 AD2d 558). No appeal may be taken from an order denying a motion for leave to reargue (*Matter of Language Dev. Program v Ambach*, 96 AD2d 667, *appeal dismissed* 60 NY2d 859). As such, it may not be used to extend plaintiff's time for taking an appeal which had expired prior to the date plaintiff made this motion (*see, Migliaccio v Phoenix Ins. Co.*, 91 AD2d 821; *Matter of Williamson v Shang*, 73 AD2d 836).

Appeal dismissed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.