OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the petition dismissed, with costs.
 

 Respondent, New York City Health and Hospitals Corporation (NYCHHC), is a public benefit corporation charged with the responsibility of operating various hospitals and health care facilities in New York City (New York City Health and Hospitals Corporation Act, L 1969, ch 1016, § 1, McKinney’s Uncons Laws of NY § 7381
 
 et seq.).
 

 Until respondent terminated him for misconduct on June 20, 1984, petitioner was the director of security for the Morrisania Neighborhood Family Care Center, a facility in The Bronx operated by the corporation. Although the respondent reviewed the written charges and evidence against petitioner in the termination review procedure applicable to all managerial employees pursuant to the NYCHHC operating procedures, petitioner claims that he was also entitled to the additional protections of notice and hearing set forth in Civil Service Law § 75 because he is an honorably discharged veteran. That statute guarantees rights to honorably discharged veterans who hold a position by "permanent appointment or employment in the classified service of the state or * * * any authority”. Respondents contend that its manage
 
 *721
 
 rial employees — and petitioner concedes he is a managerial employee — are not part of the "classified service” or civil service system and therefore that Civil Service Law § 75 does not apply.
 

 Whether a public benefit corporation is subject to civil service requirements depends upon several factors including whether the Legislature makes the Civil Service Law applicable, how independent the corporation is of the government, and whether the corporation performs traditional or essential governmental functions
 
 (see, Collins v Manhattan & Bronx Surface Tr. Operating Auth. [MABSTOA],
 
 62 NY2d 361). In this case, the Legislature did not expressly exempt the NYCHHC from the dictates of the Civil Service Law. However, the legislative intent to exclude managerial employees from rules "consistent with civil service law” is implicit in Unconsolidated Laws §§ 7385 (12) and 7390 (1) (NYCHHC Act § 5 [12]; § 9 [1]), which grant the NYCHHC the authority to make personnel rules and regulations with respect to employees
 
 other
 
 than managerial employees, as long as such rules are consistent with Civil Service Law.
 

 The statute creating NYCHHC gives the corporation authority to employ executive and management personnel (Uncons Laws §7385 [11] [NYCHHC Act §5 (11)]) and "such other employees” as necessary (Uncons Laws § 7385 [12] [NYCHHC Act § 5 (12)]). With respect to the latter "Group 12” employees, the corporation was specifically required to promulgate rules and regulations relating to the terms and conditions of employment generally and also rules and regulations relating to appointments, promotions, transfers, demotions and removal "consistent with civil service law” (Uncons Laws § 7390 [1] [NYCHHC Act § 9 (1)]). These requirements did not apply to "Group 11” or managerial employees and no analogous requirement for "Group 11” employees is to be found elsewhere in the act. The cases cited by petitioner to support his claim involved either managerial employees who were members of the classified service
 
 (see, Matter of Mercer v Dowd,
 
 288 NY 381;
 
 Matter of Meenagh v Dewey,
 
 286 NY 292;
 
 Matter of Fornara v Schroeder,
 
 261 NY 363), or an employee of an authority specifically subject to the provisions of the Civil Service Law
 
 (see, Matter of Driscoll v Troy Hous. Auth.,
 
 6 NY2d 513). Petitioner’s attempt to interpret the broad scope of section 75’s protection for honorably discharged veterans to extend to managerial employees of respondent corporation is defeated by the act’s override provision (Uncons Laws § 7405
 
 *722
 
 [NYCHHC Act § 24]) which renders inapplicable any inconsistent law.
 

 That the Legislature was aware of the necessity for this distinction between "Group 11” and "Group 12” employees appears among its several stated purposes for enacting the legislation, specifically to promote "managerial flexibility” (Uncons Laws § 7382 [NYCHHC Act § 2]) and from reports contained in the bill jacket which show that this flexibility was deemed desirable for the new authority in view of the difficulty the city hospitals were having in attracting qualified middle management personnel because of budgetary and civil service restrictions
 
 (see, Matter of Greenpoint Hospital and Municipal Hospitals of New York City
 
 [New York State Department of Health, May 15, 1969, Report of Hearing Officer Ambrose P. Donovan]).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, JJ., concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.