■ JOHN L. LOEB, JR., et al., Respondents, v JOSEPH TANEN-BAUM, Appellant.—Main, J.

Plaintiffs commenced this action pursuant to RPAPL article 15 to declare terminated defendant's rights in certain real property located in Delaware County. Defendant, an attorney represented by his own law firm, did not answer or otherwise appear, but instead moved for a change of venue to New York County. Plaintiffs cross-moved for a default judgment. Both motions were returnable on August 16, 1985, with defendant permitted to submit papers until August 30, 1985. Defendant submitted nothing more in opposition to the cross motion than an attorney's affidavit stating that defendant's failure to answer was due to his attorney's unfamiliarity with motion practice. Special Term denied defendant's motion and granted plaintiffs' cross motion.

Prior to Special Term's decision, dated September 13, 1985, defendant made another motion, returnable on September 13, 1985, to compel plaintiffs to accept his answer. Defendant submitted an affidavit of merit and a proposed answer in support of this motion. Although the notice of motion requested that the motion be referred to the Justice to whom the first motion had been submitted, the motion was considered by a different Justice, who found that the granting of plaintiffs' cross motion for a default judgment rendered this motion moot.

Undaunted, defendant made a third motion, this time to renew the original motion for a change of venue and his opposition to the cross motion for a default judgment. He asserted that the affidavit of merits submitted with his motion to compel should have been considered in connection with plaintiffs' cross motion for a default judgment and that he had been unable to submit an affidavit of merit on the cross motion because he had been out of the country from July 29 to August 19, 1985. Special Term denied the motion to renew, finding that defendant did not have a valid reason for not

submitting an affidavit of merit in connection with the cross motion. These appeals by defendant ensued.

We are of the opinion that Special Term did not err in granting plaintiffs' motion for a default judgment or in denying defendant's two subsequent motions. Defendant's affidavit of merit was not before Special Term on plaintiffs' cross motion, but was submitted in connection with a different motion. There is no authority for compelling Special Term to consider papers which were not submitted in connection with the motion on which it is ruling; indeed, under CPLR 2214 (c), the court may refuse to consider improperly submitted papers *(see, Dominski v Firestone Tire & Rubber Co., 92 AD2d 704; cf.* Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:22, pp 87-88). Since defendant returned from overseas on August 19, 1985 and could submit papers on the cross motion until August 30, 1985, we see no reason why an affidavit of merit could not have been submitted on the cross motion. Accordingly, Special Term correctly granted plaintiffs' motion for a default judgment since defendant did not present *on that motion* a meritorious defense.

Similarly, we find no fault in Special Term's denial of defendant's motion to compel acceptance of the answer. As noted above, this motion was completely separate from the first motion entertained by the court. Once Special Term issued a decision on the first motion, the Justice entertaining the second motion could not very well issue a contrary decision on that motion. Accordingly, Special Term correctly denied the second motion.

Assuming, arguendo, that Special Term could have treated defendant's motion to compel as a motion to vacate a default judgment, we believe that defendant's affidavit of merit is insufficient to demonstrate the meritorious defense necessary to vacate. The affidavit contains only vague conclusions that plaintiffs "violated various fiduciary obligations" and lacks facts sufficient to support those allegations. Such an affidavit clearly is insufficient to support a motion to vacate a default judgment *(see, Fulton County Natl. Bank & Trust Co. v Fulton Automotive Corp.,* 114 AD2d 706, 707; *Whitbeck v Erin's Isle,* 109 AD2d 1032).

Finally, Special Term did not err in denying defendant's motion to renew. A motion to renew must be based upon additional material facts existing at the time the prior motion was made but not then known to the party seeking leave to renew *(see, Dominski v Firestone Tire & Rubber Co., supra).*

This is not the case here and the motion, in essence, was no more than a motion to reargue (see, *Nulman v Hall,* 115 AD2d 837). As Special Term noted, defendant did not present a valid reason for failing to submit an affidavit of merits on the original cross motion (see, *id.*), and in any event, no appeal may be taken from a denial of a motion for leave to reargue (*id.*).

Judgment and orders affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.