[663 NYS2d 934]

JAMES J. SHEEDY, as President of the Public Employees Federation, AFL-CIO, et al., Appellants, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents.

Third Department, November 6, 1997

APPEARANCES OF COUNSEL

*William P. Seamon,* Albany *(Harold Eisenstein* of counsel), for appellants.

*Dennis C. Vacco, Attorney-General,* Albany *(Lew A. Millenbach* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

In 1976, the Legislature established the State Energy Office (hereinafter SEO) within the Executive Department (Energy Law § 5-101 [1]).* By statute the SEO was to be presided over by a Commissioner (Energy Law § 5-101 [2]), who was granted the authority to appoint additional officers, employees, agents and consultants and fix their compensation "within the amounts made available therefor by appropriation" (Energy Law § 5-101 [3]). The SEO was granted jurisdiction over all entities "engaged in the exploration, manufacture, processing, sale, distribution, transportation, refining, generation, and supply of energy and energy resources in this state" (Energy Law § 5-101 [5]). Additionally, it was conferred with general and specific functions, powers and duties (Energy Law §§ 5-105, 5-107), including the power to designate employees to carry out various tasks, such as the inspection of premises and equipment, the examination of books, documents and papers, the administration of oaths and the issuance of subpoenas (Energy Law § 5-105 [5]-[8]).

On February 1, 1995, defendant Governor submitted to the Legislature a proposed budget bill seeking to abolish the SEO and to transfer certain of its programs to the State Energy Research and Development Authority (hereinafter SERDA). By memorandum dated March 3, 1995, defendant Commissioner of the SEO gave notice to all SEO employees that, due to the proposed budget for the fiscal year 1995-1996, they would be terminated effective March 31, 1995. On March 24, 1995, all

---

* Energy Law §§ 5-101 through 5-107 were repealed by Laws of 1995 (ch 83, § 45 [eff June 20, 1995]).

SERDA and SEO employees were given written notice that, due to the workload created by SERDA's need to close out SEO's payments on contracts and grants, SERDA had temporarily employed 23 SEO employees. Ultimately, 17 of those employees were retained on a permanent basis. Thereafter, the Legislature passed Laws of 1995 (ch 83 [hereinafter the Act]) which, *inter alia,* abolished the SEO (L 1995, ch 83, § 45) and altered the composition of the State Energy Planning Board, such that it would be supported by staff services performed by SERDA and other identified State agencies (L 1995, ch 83, § 46); the Governor signed the Act into law on June 20, 1995.

In this action, plaintiffs (two SEO employees and the president of their union) first seek a declaration that defendants violated the NY Constitution (art IV, § 3; art VII, § 4) and the doctrine of legislative equivalency, "requir[ing] that a position created by a legislative act can only be abolished by a correlative legislative act" (*Matter of Torre v County of Nassau,* 86 NY2d 421, 426), by abolishing the SEO on March 31, 1995, 81 days before the enactment of the Act. As a remedy, plaintiffs seek an order providing that they and all similarly situated SEO personnel be paid back salary and benefits, with interest, from April 1, 1995 to June 20, 1995. Plaintiffs further seek a declaration that, notwithstanding the abolition of the SEO on June 20, 1995, Civil Service Law § 70 (2) required defendants to make provision for the transfer of necessary SEO personnel who were substantially engaged in job functions that were transferred from the SEO to SERDA and other identified State agencies. Should such a declaration be made, plaintiffs further seek that we direct defendants to determine which former SEO personnel were eligible for transfer and to make them whole for the losses they have suffered.

Following unsuccessful motions by plaintiffs for a preliminary injunction and by defendants for dismissal of the complaint, plaintiffs moved and defendants cross-moved for summary judgment. Plaintiffs' papers on the summary judgment motion made reference to but did not include certain papers that had been submitted on a prior motion. Supreme Court refused to consider any papers that had not been served on defendants in connection with the summary judgment motion and, reaching the merits, granted defendants' motion for summary judgment and dismissed the complaint. Plaintiffs appeal and we affirm.

 In our view, plaintiffs' first claim is founded upon the erroneous legal premise that the budgetary action which brought

about the termination of the SEO's civil service employees was the equivalent of a complete abolishment of that office. As set forth above, the Legislature created the SEO and the office of its Commissioner, and it is undisputed that only the Legislature could abolish that office or position (*see, Ball v State of New York*, 41 NY2d 617, 620-621). However, as also set forth above, the positions at issue here were not created by the Legislature; rather, they were created by the Commissioner pursuant to the authority conferred in Energy Law § 5-101 (3). Unlike the situation with a "statutorily created office" (*Ball v State of New York, supra*, at 620), the executive branch has the authority to abolish positions in the competitive and noncompetitive branches of the civil service "because of economy, consolidation or abolition of functions, curtailment of activities or otherwise" (Civil Service Law § 80 [1]; § 80-a [1]; *see, Matter of Saur v Director of Creedmoor Psychiatric Ctr.*, 41 NY2d 1023, 1024; *Matter of Piekielniak v Axelrod*, 92 AD2d 968, 969, *lv denied* 59 NY2d 603). Based upon the foregoing, we agree with Supreme Court that the branches of plaintiffs' first cause of action alleging violations of the NY Constitution and the doctrine of legislative equivalency are both legally defective.

▮ Next, we perceive no merit in plaintiffs' second cause of action, which alleges that defendants violated Civil Service Law § 70 (2) in connection with the transfer of SEO functions to the Department of Taxation and Finance, the Division of Housing and Community Renewal and SERDA absent "provision * * * for the transfer of necessary officers and employees who are substantially engaged in the performance of the function to be transferred" (Civil Service Law § 70 [2]). We agree with defendants that the Act, read in its entirety, discloses the Legislature's intent that the subject transfers not be subject to the provisions of Civil Service Law § 70. Notably, although the Act makes specific provision for the applicability of Civil Service Law § 70 to the transfer of functions of certain other State offices, departments and agencies (*see, e.g.,* L 1995, ch 83, § 110 [1] [transfer of functions from the Secretary of State to the Attorney-General]; § 125 [1] [transfer of functions from the Commission on Cable Television to the Public Service Commission and the Department of Public Service]), it makes no corresponding provision with regard to the transfer of functions at issue here. Plaintiffs' citation to past instances where the State has made voluntary personnel transfers in connection with a transfer of functions evidences no contrary body of law.

It should also be noted that public authorities such as SERDA will not be bound by the transfer provisions of Civil

Service Law § 70 (2) in the absence of a specific statutory provision that the particular public authority be subject to the Civil Service Law (*see, Matter of Burns v Quinones*, 68 NY2d 719, 721; *Collins v Manhattan & Bronx Surface Tr. Operating Auth.*, 62 NY2d 361, 368; *Nickels v New York City Hous. Auth.*, 208 AD2d 203, *affd* 85 NY2d 917). We agree with Supreme Court that plaintiffs have failed to demonstrate the existence of any such statutory provision. Notably, we are not persuaded by plaintiffs' reliance upon Public Authorities Law § 1857 (1), which, although authorizing transfer of officers and employees of State departments and agencies "without examination and without loss of any civil service status or rights", specifically states that "[n]o such transfer may * * * be made except with the approval of the head of the state department or division involved and the director of the budget and the chairman of the authority and in compliance with the rules and regulations of the state civil service commission". We agree with defendants that, because the transfers provided for in Public Authorities Law § 1857 (1) are permissive rather than mandatory and can only occur if the requisite permission is obtained, that statutory provision by no means subjects SERDA to the provisions of the Civil Service Law. In addition, there is merit to defendants' contention that language of Public Authorities Law § 1867 (2), requiring SERDA to file annual reports of its personnel policies and practices "so long as it is not subject to the civil service law", provides additional evidence of legislative intention that SERDA not be subject to the provisions of the Civil Service Law.

As a final matter, because both causes of action pleaded in the complaint are legally defective, the respective summary judgment motions could be determined without reference to any of the parties' evidentiary submissions. As such, plaintiffs were not prejudiced by Supreme Court's refusal to consider affidavits and other papers that were referenced in plaintiffs' motion papers and which were actually furnished to Supreme Court in connection with its consideration of the present motion and served upon defendants and filed with the clerk in connection with an earlier motion in the same action. In any event, there was no abuse of discretion by Supreme Court. Because a Supreme Court Justice does not retain the papers following his or her disposition of a motion and should not be compelled to retrieve the clerk's file in connection with its consideration of subsequent motions, Supreme Court properly required plaintiffs to submit to it all papers that were to be

considered on the instant motion (*see*, CPLR 2214 [c]; *Loeb v Tanenbaum*, 124 AD2d 941, 942; *compare*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:23, at 99-100). Moreover, in the circumstances of this case, Supreme Court did not abuse its discretion in requiring, in connection with this motion, service of all motion papers and exhibits upon defendants (*see*, CPLR 2214 [c]).

Those of plaintiffs' contentions that have not been specifically addressed herein have been considered and found to be unavailing.

CARDONA, P. J., MIKOLL, YESAWICH JR. and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.