■ DAVID COHEN, Appellant, v ELIHU ROMANOFF, Respondent. [924 NYS2d 796]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), entered September 25, 2009, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated July 10, 2009, granting the defendant's motion to vacate a judgment of the same court entered May 9, 1997, upon his default in appearing at a hearing on that motion.

Ordered that the order entered September 25, 2009, is reversed, on the law, with costs, the plaintiff's motion to vacate the order dated July 10, 2009, is granted, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and a new determination on the merits of the defendant's motion to vacate the judgment.

To prevail on his motion to vacate the order entered upon his default, the plaintiff was required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the defendant's motion (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Bazoyah v Herschitz*, 79 AD3d 1081, 1081-1082 [2010]; *Campbell-Jarvis v Alves*, 68 AD3d 701, 702 [2009]; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]). The Supreme Court accepted the plaintiff's law-office failure excuse as reasonable but denied the motion to vacate the order on the basis that the plaintiff failed to submit any evidence demonstrating a meritorious opposition to the defendant's motion pursuant to CPLR 5015 (a) (4) to vacate a judgment entered in 1997. Although the plaintiff failed to submit an affidavit of merit in support of his motion (*cf. Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]), he submitted an affirmation which effectively incorpo-

rated by reference the documents that he previously submitted in opposition to the defendant's motion to vacate (*see Henry v Kuveke*, 9 AD3d 476 [2004]; *cf. Sheedy v Pataki*, 236 AD2d 92, 97-98 [1997]; *Loeb v Tanenbaum*, 124 AD2d 941, 942 [1986]). Within these submissions was an affidavit of service which constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see Matter of Nieto*, 70 AD3d 831 [2010]; *Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721 [2009]; *425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845 [2008]). Moreover, in opposition to the defendant's submissions demonstrating that service was not made at his "dwelling place or usual place of abode" (CPLR 308 [4]), the plaintiff's prior submissions contained sufficient evidence to require a hearing of that matter (*see Feinstein v Bergner*, 48 NY2d 234, 239-240 [1979]; *Agudo v Zhinin*, 74 AD3d 712 [2010]; *cf. Vitello v Rizzo*, 298 AD2d 452, 453 [2002]). Accordingly, as the plaintiff demonstrated a reasonable excuse for his default and a potentially meritorious opposition to the defendant's motion to vacate the judgment, the Supreme Court should have granted the plaintiff's motion to vacate the order dated July 10, 2009, pursuant to CPLR 5015 (a) (1). Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.

Motion by the respondent, in effect, to dismiss an appeal from an order of the Supreme Court, Kings County, dated September 25, 2009, to strike stated portions of the record and the appellant's brief on the ground that they contain or refer to matter dehors the record, and to strike stated portions of the appellant's brief on the ground, in effect, that they improperly raise issues for the first time on appeal. By decision and order on motion dated August 11, 2010, those branches of the motion which were to strike stated portions of the record and the appellant's brief on the ground that they contain or refer to matter dehors the record and to strike stated portions of the appellant's brief on the ground, in effect, that they improperly raised issues for the first time on appeal, were held in abeyance and were referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that those branches of the motion which were to strike stated portions of the record and the appellant's brief on the ground that they contain or refer to matter dehors the record and to strike stated portions of the appellant's brief on the ground, in effect, that they improperly raised issues for the first

time on appeal, are denied. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.