In an action to foreclose a mortgage, the defendants Hermite Charles and Evelyn Thenor appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Sweeney, J.), dated December 12, 2011, as denied that branch of their motion which was to vacate an amended order of the same court (Jackson, J.), dated December 9, 2010, denying their *684 motion to vacate, inter alia, a judgment of foreclosure and sale dated September 8, 2009, entered upon their failure to appear at a hearing to determine the validity of service of process.
Ordered that the order dated December 12, 2011, is affirmed insofar as appealed from, with costs.
To vacate an order entered upon their failure to appear at the hearing to determine the validity of service of process, the appellants were required to demonstrate both a reasonable excuse for their default and the existence of a potentially meritorious position at the hearing (see CPLR 5015 [a] [1]; Cohen v Romanoff, 83 AD3d 989 [2011]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392 [2008]). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the Supreme Court (see Glukhman v Bay 49th St. Condominium, LLC, 100 AD3d 594, 595 [2012]). “Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse” (White v Daimler Chrysler Corp., 44 AD3d 651, 651 [2007]; see Matter of ELRAC, Inc. v Holder, 31 AD3d 636, 636-637 [2006]).
Here, the appellants’ claim of law office failure was unsubstantiated and, under the circumstances presented, did not constitute a reasonable excuse for their default (see Wei Hong Hu v Sadiqi, 83 AD3d 820, 822 [2011]; Spatz v Bajramoski, 214 AD2d 436 [1995]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the appellants’ motion which was to vacate the order entered upon their failure to appear at the hearing. Rivera, J.E, Lott, Roman and Sgroi, JJ., concur.