OPINION OF THE COURT
Lisa M. Fisher, J.
Petitioner, Rosendale Plains Cemetery, is a duly organized corporation under the Not-For-Profit Corporation Law of the State of New York which operates a cemetery in the Hamlet of Tillson, Town of Rosendale, and County of Ulster. Petitioner alleges it has been in discussions with the New York State Department of State’s Division of Cemeteries to develop “cost efficient ways to increase our income for the future, [and] the subject of a columbarium for Veterans came up.” While the Division of Cemeteries files a notice of appearance with no objection, there is no substantive position offered.
Petitioner claims, by and through its president, Richard Her-manee, that the Director of the Division of Cemeteries recommended that petitioner borrow $12,000 from the permanent maintenance fund (hereinafter PMF) to build a 30 niche colum-barium for the veterans memorial. The PMF contains approximately $116,858.96. This application is supported by the Rosendale-Tillson American Legion Post 1219. Petitioner’s Board of Trustees held a meeting on October 15, 2015 and, upon due notice at which a quorum voted, the Board of Trustees unanimously voted to invade the PMF for the columbarium.
Petitioner claims that the Director of the Division of Cemeteries “is well aware of this petition and approves the requests made herein.” Petitioner justifies the withdrawal from the PMF for this “capital improvement” because the money cannot be utilized until the cemetery closes, and the cemetery “will never close in the next thousand years or so.” Further, since the Town of Rosendale must take over the cemetery if the cemetery goes “defunct” and becomes abandoned, the “PMF fund being used as a backstop is redundant and makes little sense.” Therefore, petitioner claims that the “PMF is kind of useless as a backstop and it appears financially absurd to keep this $116,856.96 locked in never-never land when the ability to borrow a little from it in years of poor plot and interment sales would solve the problems over the foreseeable future.” The court not only disagrees, but is sincerely concerned at the remarks of petitioner’s president and his understanding of what a PMF is and how a PMF functions. For the foregoing *558 reasons, the relief sought is denied, and the petition is dismissed in its entirety.
Article 15 of the Not-For-Profit Corporation Law governs public cemetery corporations. The purpose and declaration of policy under this article is that “[t]he people of this state have a vital interest in the establishment, maintenance and preservation of public burial grounds and the proper operation of the corporations which own and manage the same” (N-PCL 1501). Thus, article 15 “is determined an exercise of the police powers of this state to protect the well-being of our citizens, to promote the public welfare and to prevent cemeteries from falling into disrepair and dilapidation and becoming a burden upon the community . . . .” (N-PCL 1501.) Additionally, “in furtherance of the public policy of this state . . . cemeteries shall be conducted on a non-profit basis for the mutual benefit of plot owners therein” (N-PCL 1501).
Not-For-Profit Corporation Law § 1507 (a) governs trust funds for maintenance and preservation, PMFs, and current maintenance funds. It requires that “\f\or the sole purpose of such maintenance and preservation, every cemetery corporation shall establish and maintain (A) a permanent maintenance fund . . . .” (N-PCL 1507 [a] [1] [emphasis added].) “The permanent maintenance fund is hereby declared to be and shall be held by the corporation as a trust fund, for the purpose of maintaining and preserving the cemetery, including all lots, crypts, niches, plots, and parts thereof” (N-PCL 1507 [a] [2] [emphasis added]). The principal generated by the PMF, which is described under section 1507 (a) (2), shall be invested in such securities as permitted under the EPTL and “[t]he income in the form of interest and ordinary dividends therefrom shall be used solely for the maintenance and preservation of the cemetery grounds” (N-PCL 1507 [a] [2] [emphasis added]).
The governing board of the corporation “may appropriate for expenditure solely for the maintenance and preservation of the cemetery grounds a portion of the net appreciation” (N-PCL 1507 [a] [2] [emphasis added]). There is a process where such board may seek to use appreciation from the PMF “in accordance with this subparagraph”; however,
“[n]otwithstanding the foregoing provisions of this subparagraph, all principal of the permanent maintenance fund shall remain inviolate, except that, upon application to the supreme court . . . , the court may make an order permitting the *559 principal or a part thereof to be used for the purpose of current maintenance and preservation of the cemetery or otherwise” (N-PCL 1507 [a] [2] [emphasis added]).
Here, petitioner admits that this is a “capital improvement” and not for maintenance or preservation. This clearly falls outside the purview of article 15 which, in several areas, stresses that the PMF may “solely” be used for maintenance or preservation. Petitioner’s justification that the PMF is “useless” and “financially absurd” is troubling, as the funds in the PMF are meant to preserve the “vital” importance of keeping burial grounds well-maintained. In the event of a natural disaster, such as the hurricanes which caused devastation in 2011 to Greene and Ulster Counties which, in areas, have still not fully recovered, the PMF will be fully utilized and may be insufficient. The Board of Trustees is also without power to approve this transaction. Therefore, substantively, petitioner’s application is without merit.
There are also several procedural issues with petitioner’s papers. First, the claims from the Director of the Division of Cemeteries are inadmissible as there is no sworn proof of notice or approval. Petitioner’s president is also incompetent to testify to the Director of the Division of Cemeteries’ statements as it is hearsay. Second, the rules, policies, regulations, or other terms or authority governing the PMF are not attached to these papers. The court is without the ability to review the terms of the PMF, which should have been attached to the moving papers, and requires denial. (See CPLR 2214 [c] [“Each party shall furnish to the court all papers served by that party. The moving party shall furnish all other papers not already in the possession of the court necessary to the consideration of the questions involved”]; see also Loeb v Tanenbaum, 124 AD2d 941, 942 [3d Dept 1986] [“There is no authority compelling (the court) to consider papers which were not submitted in connection with the motion on which it is ruling; indeed, under CPLR 2214 (c), the court may refuse to consider improperly submitted papers” (citations omitted)].) Third, the alleged approval from the Board of Trustees, while aforementioned as invalid, is not attached for confirmation and also would be insufficient to establish the invasion. (See id.)
Fourth, and importantly, the principal of the PMF cannot be invaded at all, only the appreciation. Petitioner makes no effort to distinguish this, and even admits that the balance *560 makes “near zero interest.” Even if the court was to approve this application, which it is not as it is a capital improvement not for maintenance, the principal of the PMF cannot be invaded or violated. (N-PCL 1507 [a] [2].)
Fifth, the section petitioner moves under, Not-For-Profit Corporation Law § 1507-a, duly organizes a state cemetery board citizens advisory council and does not specifically authorize withdrawal of PMFs. The section is irrevelant to the application herein.
Lastly, petitioner’s affidavit in support is improperly notarized. The sworn statement is only governing the signature of the president and not the statements therein. This effectively means that the statements above the sworn statement are not being sworn to, and are a further nullity.
To the extent not specifically addressed above, the parties’ remaining contentions have been examined and found to be lacking in merit or rendered academic.
Thereby, it is hereby ordered that the petition is dismissed, in its entirety, and all other relief requested therein is denied in its entirety.