Leary v Bendow (2018 NY Slip Op 03114)





Leary v Bendow


2018 NY Slip Op 03114


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


6427N 150773/12

[*1] Kristine Leary, et al., Plaintiffs-Respondents,
v
Carolyn Bendow, et al., Defendants-Appellants.


Picciano & Scahill, P.C., Bethpage (Andrea E. Ferrucci of counsel), for appellants.
Law Offices of Joseph F. Dunne, Rockville Centre (Joseph F. Dunne of counsel), for respondents.



Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered November 10, 2016, which granted plaintiffs' motion to renew and, upon renewal, denied defendants' motion to strike the note of issue, unanimously affirmed, without costs.
Although plaintiffs failed to include a copy of defendants' original motion to strike with the renewal motion, this did not violate CPLR 2214(c) because the original motion had been electronically filed and therefore was available to the parties and the court (see also Studio A Showroom, LLC v Yoon, 99 AD3d 632 [1st Dept 2012]). There is no evidence that the record was not sufficiently complete to allow the court to render a decision on the renewal motion and to exercise its discretion in considering any improperly submitted document (see Washington Realty Owners, LLC v 260 Wash. St. LLC, 105 AD3d 675 [1st Dept 2013]; Loeb v Tanenbaum, 124 AD2d 941, 942 [3d Dept 1986] ["under CPLR 2214(c), the court may refuse to consider improperly submitted" documents (emphasis added)]).
In any event, the court did not improvidently exercise its discretion in granting renewal (see CPLR 2221[e]). Unbeknownst to the court at the time it decided the original motion, the parties had entered a stipulation agreeing to adjourn the motion. Both parties concede the motion was accidentally submitted to the court in contravention of the stipulation. Thus, the equities of this matter, and the interests of justice, were properly served by permitting renewal, especially because denial would defeat substantial fairness (see Jorge v Conlon, 134 AD3d 480 [1st Dept 2015]; Scott v Brickhouse, 251 AD2d 397 [2d Dept 1998]; Metcalfe v City of New York, 223 AD2d 410, 411 [1st Dept 1996]). Finally, in denying defendants' motion to strike upon renewal, the court was permitted to take judicial notice of the so-ordered stipulations where both parties agreed that discovery had been
completed (see Matter of Khatibi v Weill, 8 AD3d 485 [2d Dept 2004] ["this court may take judicial notice of undisputed court records and files"]; Jerome Prince, Richardson on Evidence § 2-209 at 45 [Farrell 11th ed 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK