24-2589-cv
*Allen et al. v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

PRESENT:  DENNY CHIN,
          EUNICE C. LEE,
          BETH ROBINSON,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CLARENCE BOWEN ALLEN, on behalf of themselves and on behalf of all other similarly situated individuals, BRENDA BERMAN, on behalf of themselves and on behalf of all other similarly situated individuals, ANNETTE BIRDSONG, on behalf of themselves and on behalf of all other similarly situated individuals, WILLIAM HENRY, on behalf of themselves and on behalf of all other similarly situated individuals, JOSE JACOB, on behalf of themselves and on behalf of all other similarly situated individuals, JACQUELINE KING, on behalf of themselves and on behalf of all other similarly situated individuals, SUSAN LAMONICA, on behalf of themselves and on behalf of all other similarly situated individuals, JEAN PHIPPS, on behalf of themselves and on behalf of all other similarly situated individuals, ROSLYN PRESS, on behalf of themselves and on behalf of all other similarly situated individuals, HERBERT RICHARDSON, on behalf of themselves and on behalf of all other similarly situated individuals, VIRGINIA TUFARO, on behalf of themselves and on behalf of all other similarly situated individuals,

*Plaintiffs-Appellants*,

-v-                                                    24-2589-cv

CITY OF NEW YORK, NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,

*Defendants-Appellees,*

JACOBI MEDICAL CENTER,

*Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     ERICA T. HEALEY-KAGAN, Filippatos PLLC,
                               New York, New York.

FOR DEFENDANTS-APPELLEES:      RICHARD DEARING (Claude S. Patton,
                               Geoffrey E. Curfman, *on the brief*), *for* Muriel
                               Goode-Trufant, Corporation Counsel of the
                               City of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants, eleven former employees of a public hospital operated by Defendants-Appellees New York City and the New York City Health and Hospitals Corporation (together, "H&H"), appeal from the district court's judgment entered August 29, 2024 granting summary judgment to H&H on their claims of race and age-based employment discrimination.  Plaintiffs worked at Jacobi Medical Center

("Jacobi"), an acute care facility managed by H&H. As part of an H&H-wide cost-cutting program, Jacobi underwent two rounds of "Managerial Efficiency Improvement Initiatives" ("MEIIs") in February and June 2017 that resulted in the elimination of a combined 45 positions -- 25 of which were held by non-White employees, and 43 of which were held by employees over the age of 40. Plaintiffs brought race- and age-based disparate impact and treatment claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; 42 U.S.C. § 1983; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. The district court granted summary judgment for H&H on the federal claims. It then exercised supplemental jurisdiction over and dismissed on the merits the disparate impact claims under the NYSHRL and NYCHRL, and the disparate treatment claim under the NYSHRL. It declined to exercise supplemental jurisdiction over and instead dismissed the sole remaining discrimination claim, disparate treatment under the NYCHRL, without prejudice to refiling in state court.[1]

On appeal, Plaintiffs do not challenge the district court's summary judgment rulings as to their federal claims. *See* Appellants' Br. 2-3. Indeed, they have

---

[1] The district court also dismissed the breach of contract claim without prejudice, reasoning that there was no federal analog.

3

failed to address the federal claims in their briefing on appeal, and thus those claims have been abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995). Plaintiffs instead challenge both the district court's decision to exercise supplemental jurisdiction over three of the four remaining state and city law claims, and its rulings on the merits of those claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first address whether the district court abused its discretion in exercising supplemental jurisdiction over Plaintiffs' disparate impact claims under the NYSHRL and NYCHRL, and their disparate treatment claim under the NYSHRL. Concluding that it did not, we proceed to discuss whether the district court erred in its summary judgment rulings on the state and city disparate impact claims, followed by its ruling on the state disparate treatment claim.

## I. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). When deciding whether to exercise jurisdiction over pendent state law claims, courts weigh the factors of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *abrogated on other grounds by Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39-41 (2025).

4

"[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims . . . ." *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) (*citing Cohill*, 484 U.S. at 350). We have upheld a district court's exercise of supplemental jurisdiction, however, when the federal claims were dismissed after proceedings were well underway, and where the pendent claims involved only settled legal principles, rather than novel state-law questions. *See, e.g., Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054-55 (2d Cir. 1990). We review a district court's exercise of supplemental jurisdiction for abuse of discretion. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

We conclude that the district court did not abuse its discretion in exercising supplemental jurisdiction over the NYSHRL and NYCHRL disparate impact claims and the NYSHRL disparate treatment claim. Because, as discussed below, the NYSHRL and NYCHRL standards at issue either mirror or overlap with the standards of their federal counterparts, the district court's adjudication of these state and city law claims involved only well-settled principles of anti-discrimination law and did not raise any substantial comity concerns. *See Cohill*, 484 U.S. at 350; *see also Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1191-92 (2d Cir. 1996). Moreover, the district court's decision to exercise supplemental jurisdiction served the interests of judicial economy, because proceedings were well underway and discovery had already been completed in

5

what was then already a five-year-old litigation. *See id.; Delaney v. Bank of Am. Corp.,* 766 F.3d 163, 170 (2d Cir. 2014). Accordingly, we hold that the district court did not abuse its discretion in exercising jurisdiction over this set of NYSHRL and NYCHRL claims after dismissing the federal claims at the summary judgment stage.

## II.    Disparate Impact

### 1.  NYSHRL

Plaintiffs have abandoned their federal law claims on appeal, and we thus do not decide the propriety of the district court's rulings on those claims. Because the standards governing the federal and analogous state claims are parallel, however, we will consider the district court's reasoning as to the federal claims for purposes of reviewing its rulings on the state claims.

Disparate impact claims under Title VII and the ADEA are analyzed under a three-part burden-shifting analysis. Plaintiffs must first make out a *prima facie* case of discrimination by identifying a specific employment practice or policy, demonstrating that a disparity exists, and establishing a causal relationship between the two. *Chin v. Port Auth. of N.Y. & N.J.,* 685 F.3d 135, 151 (2d Cir. 2012) (Title VII); *Geller v. Markham,* 635 F.2d 1027, 1032 (2d Cir. 1980) (ADEA). Plaintiffs bear the burden of "isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." *Watson v. Forth Worth Bank & Tr.,* 487 U.S. 977, 994 (1998). If step one is met, the burden shifts to the employer to

undermine the causal analysis or mount a business necessity defense. *Id.* at 997-98. If the employer establishes that its actions served a business necessity, the burden shifts back to Plaintiffs to show that other non-discriminatory methods exist to meet the employer's legitimate business interest. *Id.* at 998.

The district court found that Plaintiffs had not raised triable issues of fact as to their federal disparate impact claims because they had not isolated or identified a *specific* employment practice responsible for the race- and age-based disparities. *See Chin*, 685 F.3d at 154 (noting that, to sustain a disparate impact claim, Plaintiffs must "identify a specific discriminatory employment practice"). The two MEIIs involved different sets of Jacobi department heads independently identifying positions for elimination, and the second MEII, unlike the first MEII, incorporated reduction targets and standardized tables of reorganization provided by H&H. Whether we consider the MEIIs together or in isolation, Plaintiffs have not specified which part of the MEII decision-making process or criteria resulted in the disparate effects. *See Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) ("[I]t is not enough to . . . point to a generalized policy that leads to [disparate] impact."). Plaintiffs' argument that Jacobi had a practice of excluding Group 12 employees from the layoffs also does not raise a factual dispute for trial, because, as the district court recognized, Plaintiffs have not pointed to any expert analysis or evidence that this distinction led to a disparate effect based on race or age. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 382 (2d Cir. 2006).

7

Plaintiffs' disparate impact claim under the NYSHRL is subject to the

same federal standards, and so fails for the same reasons. Although the NYSHRL was

amended in 2019,[2] Plaintiffs' claims accrued in 2017 and are thus governed by the pre-

amendment standards. *Alshami v. City Univ. of New York*, 162 N.Y.S.3d 720, 720 n.1 (1st

Dep't 2022). Under the pre-amendment regime, this Court has repeatedly held that

discrimination claims under the NYSHRL are analyzed under the same framework as

corresponding Title VII and ADEA claims. *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir.

2007) (Title VII); *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001)

(ADEA).

We are not persuaded by Plaintiffs' argument that the legal standards

governing the NYSHRL and ADEA are different because the former protects employees

over the age of 18, while the latter only protects those over 40. The fact that two statutes

protect somewhat different categories of persons does not affect whether claims

brought under them are assessed under the same legal standard. *See Abdu-Brisson*, 239

F.3d at 466 ("Although there are differences between the [NYSHRL] . . . and the

---

[2]     In August 2019, the New York State Legislature passed an amendment to the NYSHRL stating, in part, that the law's provisions "shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws including those laws with provisions worded comparably to the provisions of [the NYSHRL] have been so construed." N.Y. Exec. Law § 300 (McKinney 2019). The 2019 amendment has been interpreted to align prospective constructions of the NYSHRL's standards with the more lenient standards of the NYCHRL. *See Wright v. White Plains Hosp. Med. Ctr.*, 232 N.Y.S.3d 594, 595-96 (2d Dep't 2025).

[ADEA], age discrimination suits brought under the [NYSHRL] . . . are subject to the same analysis as claims brought under the ADEA." (citation modified)). And the mismatch in the categories of individuals protected by the respective laws does not have any bearing on the pivotal issues in this case. Accordingly, Plaintiffs' federal and NYSHRL disparate impact claims rise and, in this case, fall together.

On the merits, we conclude that Plaintiffs have not raised any triable issues of fact as to their *prima facie* case. Accordingly, the district court did not err in granting summary judgment for H&H on the NYSHRL disparate impact claim.

### 2. NYCHRL

The NYCHRL prohibits policies or practices that, individually or in combination, "result[] in a disparate impact to the detriment of any group protected" by the NYCHRL. N.Y.C. Admin. Code § 8-107(17)(a)(1). NYCHRL claims must be analyzed "separately and independently" from federal and state claims under a more liberal standard. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Under the NYCHRL, Plaintiffs must show that a "policy or practice" or "group of policies or practices" of an employer "results in a disparate impact to the detriment of any group protected." N.Y.C. Admin. Code, § 8-107(17)(a)(1). If the plaintiff shows "that a group of policies or practices results in a disparate impact," the plaintiff need not "demonstrate which specific policies or practices within the group results in such disparate impact." *Id.* § 8-107(17)(a)(2). An employer may "plead and

9

prove as an affirmative defense that each such policy or practice bears a significant relationship to a significant business objective" or "does not contribute to the disparate impact." *Id.* Plaintiffs may rebut a business objective defense if they produce "substantial evidence that an alternative policy or practice with less disparate impact is available" and when the employer fails to show that the alternative "would not serve [it] as well." *Id.*

We need not decide whether the disparate impact under NYCHRL mirrors the federal analysis outlined above, nor whether Plaintiffs have identified a "policy or practice" or "group of policies or practices" that result in a disparate impact for purposes of the NYCHRL, because we conclude that H&H has shown that the MEIIs served a "significant business objective," and Plaintiffs have failed to produce substantial evidence that an alternative policy or practice with less disparate impact is available. *Id.*

H&H undertook the MEIIs in response to a significant budget shortfall and anticipated an estimated $1.8 billion operating loss for fiscal year 2020. In the fiscal year of the layoffs, H&H sought to save $55 million through a workforce reduction of approximately 1,000 full-time employees, and to do so by focusing its layoffs on managerial positions that could be consolidated. H&H can thus show that it had a significant business objective for the MEIIs.

We reject Plaintiffs' argument that H&H is precluded from asserting this business necessity defense because the layoffs violated the state Civil Service Law. Plaintiffs did not introduce any evidence that the jobs impacted by the layoffs were civil service positions, and defendants put forward evidence indicating they were not. In addition, the New York Court of Appeals has held that the requirements of the Civil Service Law do "not apply to 'Group 11' or managerial employees" of New York City Health and Hospital Corporation. *Burns v. Quinones*, 68 N.Y.2d 719, 721 (1986). So we need not evaluate the merits of Plaintiffs' argument that non-compliance with applicable civil service laws precludes H&H's "significant business objective" defense, because the premise of that argument -- that the layoffs violated civil service laws -- is unsupported.

To rebut H&H's defense, Plaintiffs must "produce[] substantial evidence that an alternative policy or practice with less disparate impact is available." N.Y.C. Admin. Code § 8-107(a)(2). Plaintiffs have not done so. Accordingly, we hold that the district court did not err in granting summary judgment for H&H on Plaintiffs' NYCHRL disparate impact claim.

III.    **Disparate Treatment**

Plaintiffs' disparate treatment claims brought under the NYSHRL are subject to the same standard as analogous claims brought under Title VII or the ADEA. *See Patane*, 508 F.3d at 113; *Abdu-Brisson*, 239 F.3d at 466. Both federal and NYSHRL

11

disparate treatment claims are governed at the summary judgment stage by the three-part "burden-shifting analysis first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (citation modified).  Under that test, "a plaintiff first bears the minimal burden of setting out a *prima facie* discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, nondiscriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination."  *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 (2d Cir. 2006) (citation modified).

The ages and races of those terminated could suggest disparate treatment.  However, Plaintiffs did not introduce evidence of the age or racial composition of any similarly situated comparator groups for purposes of statistical analysis, nor did they introduce any admissible statements raising an inference of discrimination.  Plaintiffs also fail to meaningfully engage with any part of the district court's analysis on appeal, and instead only insist in conclusory fashion that we review the district court's decision *de novo.  See* Appellants' Br. at 13-15.  Plaintiffs do not point to any concrete evidence of discrimination other than the bare ages and racial composition of those whose positions were eliminated.  Moreover, Plaintiffs put forward no evidence to show that H&H's showing of their business need to cut positions for budgetary reasons is pretextual.  *See Woroski v. Nashua Corp.*, 31 F.3d 105, 109-10 ("*[S]ome* evidence [of bias] is not sufficient to

12

withstand a properly supported motion for summary judgment. . . ."), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83, 90-91 (2d Cir. 2000).  Accordingly, we conclude that the district court did not err in granting summary judgment for H&H on the NYSHRL disparate treatment claim.

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk