■ FLAGSTAR BANK, FSB, Respondent, v STANLEY TITUS et al., Appellants, et al., Defendants. [991 NYS2d 110]—

In an action to foreclose a mortgage, the defendants Stanley Titus and Rose M. Andre-Fleurisma appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated June 27, 2012, which, after settlement conferences pursuant to CPLR 3408, denied their motion, inter alia, to restore the action to the mortgage foreclosure settlement conference part calendar.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the appellants' motion, inter alia, to restore the

action to the mortgage foreclosure settlement conference part calendar. Although CPLR 3408 (f) provides that "[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible" (*see US Bank N.A. v Sarmiento*, 121 AD3d 187 [2d Dept 2014]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 11 [2013]), the record does not support the appellants' contention that the plaintiff failed to act in good faith. Since the financial documents relied upon by the appellants in support of their application for a loan modification to establish their monthly income surplus were not submitted to the Supreme Court in support of the instant motion, the appellants cannot rely upon these documents on appeal (*see* CPLR 5526, 2214 [c]; *Broida v Bancroft*, 103 AD2d 88, 93 [1984]; *see also Biscone v JetBlue Airways Corp.*, 103 AD3d 158, 179-180 [2012]; *Sheedy v Pataki*, 236 AD2d 92, 97-98 [1997]; *Loeb v Tanenbaum*, 124 AD2d 941, 942 [1986]). Nor did the affirmation of the appellants' attorney suffice as evidentiary proof of their income, as it was not based upon personal knowledge (*see Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455, 456 [2006]).

Moreover, the appellants' contentions that the plaintiff's counsel did not have knowledge about the case, the proper authority to settle the matter, or the appropriate documents at the conferences are improperly raised for the first time on appeal and, thus, are not properly before this Court (*see Arnold v New City Condominiums Corp.*, 88 AD2d 578, 579 [1982]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.