■ AURORA LOAN SERVICES, LLC, Respondent, v NELLI CHIRINKIN et al., Appellants, et al., Defendants. [22 NYS3d 876]—In an action to foreclose a mortgage, the defendants Nelli Chirinkin and Alexei Chirinkin appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered February 7, 2014, which, after settlement conferences pursuant to CPLR 3408, denied their motion, inter alia, to restore the action to the mortgage foreclosure settlement conference part calendar.

Ordered that the order is affirmed, with costs.

The defendants Nelli Chirinkin and Alexei Chirinkin (hereinafter together the defendants) failed to demonstrate that the plaintiff did not negotiate in good faith during the foreclosure settlement conferences (*see* CPLR 3408). There is nothing in the record to support the claim that the plaintiff engaged in conduct that improperly hindered the settlement process or needlessly prevented the parties from reaching a mutually agreeable resolution (*see Flagstar Bank, FSB v Titus*, 120 AD3d 469, 470 [2014]; *Wells Fargo Bank, N.A. v Van Dyke*, 101 AD3d 638, 638 [2012]; *cf. U.S. Bank N.A. v Smith*, 123 AD3d 914, 916 [2014]; *US Bank N.A. v Sarmiento*, 121 AD3d 187, 204-205 [2014]). Contrary to the defendants' contention, the plaintiff did not violate CPLR 3408 by refusing to lower the principal or the interest rate or by rejecting the terms of the defendants' counteroffer (*see Bank of Am., N.A. v Lucido*, 114 AD3d 714, 715-716 [2014]; *Wells Fargo Bank, N.A. v Van Dyke*, 101 AD3d at 638). Accordingly, the Supreme Court properly denied the defendants' motion, inter alia, to restore the action to the mortgage foreclosure settlement conference part calendar. Dillon, J.P., Austin, Roman and Barros, JJ., concur.