██ Wells Fargo Bank, N.A., as Successor by Merger to Wells Fargo Bank Southwest, N.A., Formerly Known as Wachovia Mortgage, FSB, and Another, Respondent, v Michael Miller, Appellant, et al., Defendants. [26 NYS3d 176]—

In an action to foreclose a mortgage, the defendant Michael Miller appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered August 25, 2014, as denied that branch of his motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408 (f).

Ordered that the order is affirmed insofar as appealed from, with costs.

"Pursuant to CPLR 3408 (f), the parties at a mandatory foreclosure settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution" (*U.S. Bank N.A. v Smith*, 123 AD3d 914, 916 [2014]; *see* CPLR 3408 [f]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 11 [2013]). " 'The purpose of the good faith requirement [in CPLR 3408] is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution' " (*US Bank N.A. v Sarmiento*, 121 AD3d 187, 200 [2014], quoting Governor's Program Bill Mem No. 46R, Bill Jacket, L 2009, ch 507 at 11).

To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (*US Bank N.A. v Sarmiento*, 121 AD3d at 203). "Where a plaintiff fails to expeditiously review submitted financial information, sends inconsistent and contradictory communications, and denies requests for a loan modification without adequate grounds, or, conversely, where a defendant fails to provide requested financial information or provides incomplete or misleading financial information, such conduct could constitute the failure to negotiate in good faith to reach a mutually agreeable resolution" (*id.* at 204).

Here, contrary to the appellant's contention, on this record, the totality of the circumstances supports the Supreme Court's determination that the plaintiff's actions constituted a meaningful effort at reaching a resolution (*see Citibank, N.A. v Barclay*, 124 AD3d 174 [2014]; *Flagstar Bank, FSB v Titus*, 120 AD3d 469 [2014]). Moreover, the appellant failed to make any showing that a hearing was warranted on this issue. Accordingly, the court properly denied that branch of the appellant's motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408 (f). Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.