(August 17, 2016)

■ BANK OF NEW YORK TRUST COMPANY, N.A., as Trustee, 4828 Loop Central Drive, Houston, TX 77081, Respondent, v CHUDI CHIEJINA, Appellant, et al., Defendants. [36 NYS3d 512]—

In an action to foreclose a mortgage, the defendant Chudi Chiejina appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered January 8, 2015, as, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the complaint and for an order of reference, denied his cross motion to restore the action to the mortgage foreclosure settle-

ment conference part calendar, and, sua sponte, in effect, directed the entry of a judgment of foreclosure and sale.

Ordered that on the Court's own motion, the notice of appeal from so much of the order, as, sua sponte, in effect, directed the entry of a judgment of foreclosure and sale is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, directing the entry of a judgment of foreclosure and sale; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant Chudi Chiejina (hereinafter the homeowner) executed a note in which he agreed to repay the principal sum of $458,865. The note was secured by a mortgage on certain real property located in Queens. The plaintiff (hereinafter the Bank) subsequently commenced this foreclosure action after the homeowner allegedly defaulted under the terms of the mortgage and note. After the homeowner interposed an answer, the parties appeared at various settlement conferences, during which they attempted to negotiate a loan modification. The parties failed to agree to a loan modification, and the action was released from the mortgage foreclosure settlement conference part after the homeowner failed to appear at a scheduled conference.

The Bank subsequently moved for, inter alia, summary judgment on the complaint and for an order of reference. The homeowner opposed the Bank's motion and cross-moved to restore the action to the mortgage foreclosure settlement conference part calendar. In the order appealed from, the Supreme Court, among other things, in effect, granted that branch of the Bank's motion which was for summary judgment on the complaint and for an order of reference, denied the homeowner's cross motion to restore the action to the mortgage foreclosure settlement conference part calendar, and, sua sponte, in effect, directed the entry of a judgment of foreclosure and sale.

On appeal, the homeowner contends that the Supreme Court should have granted his cross motion to restore the action to the mortgage foreclosure settlement conference part calendar. The homeowner's contention that he did not default in appearing at the scheduled settlement conference is improperly raised for the first time on appeal (*see generally Flagstar Bank, FSB v Titus*, 120 AD3d 469, 470 [2014]). Furthermore, the record does not support the homeowner's contention that the Bank failed

to negotiate in good faith during the settlement conferences (*see generally US Bank N.A. v Sarmiento*, 121 AD3d 187, 203 [2014]). Accordingly, the court providently exercised its discretion in denying the homeowner's cross motion to restore the action to the settlement conference part (*see Aurora Loan Servs., LLC v Chirinkin*, 135 AD3d 676, 676 [2016]; *Flagstar Bank, FSB v Titus*, 120 AD3d at 470).

The homeowner further contends that the Supreme Court erred in granting that branch of the Bank's motion which was for summary judgment on the complaint and for an order of reference. Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (*see U.S. Bank N.A. v Godwin*, 137 AD3d 1260, 1261 [2016]). Where the defendants in a mortgage foreclosure action waive the issue of standing by failing to assert the defense in an answer or pre-answer motion to dismiss the complaint, the plaintiff need not establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law (*see Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 567 [2014]).

Here, in support of its motion, the Bank produced the mortgage, the unpaid note, and evidence of the homeowner's default. Accordingly, the Bank established its prima facie entitlement to judgment as a matter of law (*see Wachovia Mtge. Corp. v Lopa*, 129 AD3d 830, 831 [2015]; *NationStar Mtge., LLC v Silveri*, 126 AD3d 864, 865 [2015]).

In opposition, the homeowner failed to raise a triable issue of fact. Since the homeowner did not raise the affirmative defense of standing in his answer (*see* CPLR 3018 [b]), or in a pre-answer motion to dismiss the complaint (*see* CPLR 3211 [a]), he waived that issue (*see* CPLR 3211 [e]; *Matter of Fossella v Dinkins*, 66 NY2d 162, 167 [1985]; *One W. Bank, FSB v Vanderhorst*, 131 AD3d 1028, 1028 [2015]; *Robinson v Plaro Estates, Inc.*, 119 AD3d 542, 544 [2014]). Furthermore, to the extent that the homeowner contends that the Bank's failure to possess an enforceable note and mortgage deprived the Supreme Court of subject matter jurisdiction, his contention is without merit (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). Accordingly, the court properly, in effect, granted that branch of the Bank's motion which was for summary judgment on the complaint and for an order of reference.

However, as the Bank correctly concedes on appeal, the

Supreme Court erred to the extent that it granted relief that was not sought by the parties when it, in effect, directed the entry of a judgment of foreclosure and sale (*see generally Bowman v Bowman*, 130 AD3d 661, 664 [2015]). Accordingly, we modify the order appealed from by deleting the provision thereof which, in effect, directed the entry of a judgment of foreclosure and sale. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.