■ PNC BANK, NATIONAL ASSOCIATION, Respondent, v JO-SEPH P. CAMPBELL, Appellant, et al., Defendants. [38 NYS3d 234]—

In an action to foreclose a mortgage, the defendant Joseph P. Campbell appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered February 19, 2014, as denied that branch of his motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith pursuant to CPLR 3408 (f).

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2010, the plaintiff commenced this action to foreclose a mortgage given in 2006 by the defendant Joseph P. Campbell (hereinafter the appellant) to secure a note in the principal sum of $650,000. Following settlement conferences held pursuant to CPLR 3408, wherein the appellant, who is an attorney, appeared pro se, the action was released from the foreclosure settlement conference part without any resolution. The appellant subsequently retained counsel and moved to dismiss the action pursuant to CPLR 3211 (a) (1), (7) and (8) or, in the alternative, to "set the action down for a bad faith hearing." In support of the motion, the appellant submitted, inter alia, the affirmation of his counsel and his own affirmation. The appellant argued that the plaintiff failed to negotiate in good faith by subjecting him to arbitrary submissions, demanding duplicative documents, refusing to review the documents provided or misinterpreting them, and issuing contradictory denial notices. The plaintiff opposed the motion and, in reply, the appellant submitted his attorney's affirmation as well as his own affirmation. In an order entered February 19, 2014, the Supreme Court denied the appellant's motion. We affirm insofar as appealed from.

CPLR 3408 requires the parties to a residential foreclosure action to attend settlement conferences at an early stage of the litigation, at which they must "negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible" (CPLR 3408 [f]; *see Retained Realty, Inc. v Syed*, 137 AD3d 1099 [2016]; *Onewest Bank, FSB v Colace*, 130 AD3d 994 [2015]; *Bank of N.Y. v Castillo*, 120 AD3d 598 [2014];

*Flagstar Bank, FSB v Titus*, 120 AD3d 469 [2014]). During settlement conferences, "[t]he court shall ensure that each party fulfills its obligation to negotiate in good faith and shall see that conferences not be unduly delayed or subject to willful dilatory tactics so that the rights of both parties may be adjudicated in a timely manner" (22 NYCRR 202.12-a [c] [4]; *see US Bank N.A. v Sarmiento*, 121 AD3d 187, 200 [2014]; *Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9, 19 [2013]). CPLR 3408 "requires only that the parties enter into and conduct negotiations in good faith" (*US Bank N.A. v Sarmiento*, 121 AD3d at 200; *see Wells Fargo Bank, N.A. v Van Dyke*, 101 AD3d 638 [2012]). "[T]he parties cannot be forced to reach an agreement" (*Wells Fargo Bank, N.A. v Meyers*, 108 AD3d at 20; *see Flagstar Bank, FSB v Walker*, 112 AD3d 885 [2013]). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must determine that "the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (*US Bank N.A. v Sarmiento*, 121 AD3d at 203; *see Wells Fargo Bank, N.A. v Miller*, 136 AD3d 1024 [2016]).

The appellant failed to demonstrate that, under the totality of the circumstances, the plaintiff did not negotiate in good faith during the foreclosure settlement conferences, or that a hearing was warranted on this issue (*see* CPLR 3408; *Aurora Loan Servs., LLC v Chirinkin*, 135 AD3d 676 [2016]; *JP Morgan Chase Bank, N.A. v Butler*, 129 AD3d 777 [2015]; *Federal Natl. Mtge. Assn. v Cappelli*, 120 AD3d 621 [2014]). Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for a hearing to determine whether the plaintiff met its obligation to negotiate in good faith (*see* CPLR 3408 [f]; *Wells Fargo Bank, N.A. v Miller*, 136 AD3d at 1025; *cf. LaSalle Bank, N.A. v Dono*, 135 AD3d 827 [2016]; *Onewest Bank, FSB v Colace*, 130 AD3d at 996). Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.