HSBC Bank USA, N.A. v Sadeque-Iqbal (2019 NY Slip Op 07888)





HSBC Bank USA, N.A. v Sadeque-Iqbal


2019 NY Slip Op 07888


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-00963
 (Index No. 11924/14)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Fatema Sadeque-Iqbal, etc., appellant, et al., defendants.


Mobilization for Justice, Inc., New York, NY (Jeanette Zelhof and Christopher Fasano of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fatema Sadeque-Iqbal appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 7, 2016. The order denied that defendant's motion to confirm a referee's report dated December 2, 2015, and granted the plaintiff's cross motion to reject the referee's report.
ORDERED that the order is affirmed, with costs.
In July 2006, the defendant Fatema Sadeque-Iqbal (hereinafter the defendant) executed a note secured by a mortgage against her residential property in Queens. After the defendant defaulted on the loan payments, the plaintiff commenced this action to foreclose on the mortgage. As mandated by CPLR 3408(a), the parties participated in numerous settlement conferences between April 2015 and September 2015 for the statutorily intended purpose of determining whether they could reach a "mutually agreeable resolution" (CPLR 3408[f]). During that time, the defendant submitted an application for a loan modification under the federal Home Affordable Modification Program (hereinafter HAMP), to Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. In May 2015, Wells Fargo denied the defendant's HAMP application based on certain investor restrictions contained in a Pooling and Servicing Agreement (hereinafter PSA), which governed the subject loan. The defendant appealed that determination. In a letter sent to the defendant's attorney dated July 8, 2015, the plaintiff's attorney indicated that certain provisions in the PSA prohibited Wells Fargo from reducing the interest rate and from capitalizing arrears and that, therefore, the loan did not qualify for modification under HAMP.
At a court appearance on July 29, 2015, the defendant requested a determination on the issue of whether sanctions should be imposed against the plaintiff for failing to negotiate in good faith pursuant to CPLR 3408(f). The Supreme Court referred the matter to a Court Attorney Referee. In a report dated December 2, 2015, the referee found that the plaintiff failed to negotiate in good faith pursuant to CPLR 3408(f) and, in effect, recommended that the plaintiff be barred from collecting any interest on the loan for the period between May 13, 2015, and December 4, 2015. The [*2]defendant subsequently moved to confirm the report, and the plaintiff cross-moved to reject it. By order dated December 7, 2016, the court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
"Pursuant to CPLR 3408(f), the parties at a mandatory foreclosure settlement conference are required to negotiate in good faith to reach a mutually agreeable resolution" (U.S. Bank N.A. v Smith, 123 AD3d 914, 916; see CPLR 3408[f]; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 11). " The purpose of the good faith requirement [in CPLR 3408] is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution'" (U.S. Bank N.A. v Smith, 123 AD3d at 916, quoting US Bank N.A. v Sarmiento, 121 AD3d 187, 200 [internal quotation marks omitted]). "To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408(f), a court must determine that the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution'" (U.S. Bank N.A. v Smith, 123 AD3d at 916, quoting US Bank N.A. v Sarmiento, 121 AD3d at 203).
As a threshold matter, the fact that the plaintiff is not a participant in HAMP is not dispositive of the issues in this case since a loan servicer's compliance with HAMP—in this case, Wells Fargo—is a factor among the totality of circumstances to be considered by a court in determining whether a plaintiff trustee met its obligation to negotiate in good faith pursuant to CPLR 3408(f) (see generally US Bank N.A. v Sarmeinto, 121 AD3d 187; Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9). Turning to the merits, the record supports the Supreme Court's determination that the totality of the circumstances demonstrated that the plaintiff acted in good faith to reach a resolution of the action (see Citimortgage, Inc. v Rockefeller, 155 AD3d 998, 999; PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1148; Bank of Am., N.A. v Lucido, 114 AD3d 714, 715-716; HSBC Bank USA, N.A. v Ocasio, 58 Misc 3d 1218[A], 2016 NY Slip Op 51904[U] [Sup Ct, Orange County]). The plaintiff established that the subject loan was assigned to a pool of mortgages governed by the PSA, which prohibited, among other things, modifications resulting in the capitalization of arrears. Furthermore, the record reflects that Wells Fargo expeditiously reviewed the defendant's application for a loan modification under HAMP, set forth adequate grounds for its denial, and attempted to obtain a waiver of the investor restrictions in the PSA. Under these circumstances, we agree with the court's determination to deny the defendant's motion to confirm the report and to grant the plaintiff's cross motion to reject it.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court