HSBC Bank USA, N.A. v MacPherson (2022 NY Slip Op 06694)

HSBC Bank USA, N.A. v MacPherson

2022 NY Slip Op 06694

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13745 
2020-05914
 (Index No. 32997/07)

[*1]HSBC Bank USA, National Association, etc., appellant,
v
Donald MacPherson, respondent, et al., defendants. (Appeal No. 1.)
HSBC Bank USA, National Association, etc., appellant,
v
Donald MacPherson, et al., defendants; Sprint Capital, LLC, nonparty-respondent. (Appeal No. 2.)

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Warner & Scheuerman, New York, NY (Karl E. Scheuerman and Jonathon D. Warner of counsel), for defendant 324 Pond Co., Inc., and nonparty-respondent Sprint Capital, LLC.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated December 8, 2015, and (2) an order of the same court (C. Randall Hinrichs, J.) dated September 11, 2019. The order dated December 8, 2015, denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Jeffrey Arlen Spinner, J.) dated November 21, 2012, which, sua sponte, directed dismissal of the complaint for failure to prosecute. The order dated September 11, 2019, denied the plaintiff's motion for leave to renew its motion to vacate the order dated November 21, 2012.
ORDERED that the orders dated December 8, 2015, and September 11, 2019, are affirmed, with one bill of costs to the nonparty-respondent, Sprint Capital, LLC.
On June 16, 2006, the defendant Donald MacPherson executed a note in the amount of $746,250 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on certain real property located in Suffolk County.
On October 18, 2007, the plaintiff commenced the instant action to foreclose the mortgage against MacPherson and the defendant 324 Pond Co., Inc. (hereinafter 324 Pond), among others. The complaint alleged that 324 Pond was the current owner of the subject property.
In an order dated July 14, 2011, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint, to strike MacPherson's answer, and to appoint a referee to compute the amount due.
In an order dated November 21, 2012 (hereinafter the dismissal order), the Supreme Court, sua sponte, directed dismissal of the complaint. The dismissal order stated, in relevant part: "The within matter, having been pending on the Court's docket for more than one year without prosecution, was noticed for conference on July 16, 2012, at which time the Plaintiff's counsel appeared, the Court having issued directives as to the resumption of prosecution herein. Since that time, Plaintiff has, without good cause or explanation, failed and neglected to comply with the express directives of the Court and has failed to resume prosecution of this action."
On April 23, 2015, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the dismissal order. The plaintiff alleged that it had a reasonable excuse for its default in that it had to comply with "the requirements under Administrative Order 548/10 and Administrative Order 431/11," and that "[t]his loan was also on a FEMA hold from October 30, 2012 until March 4, 2013 due to Super-storm Sandy." MacPherson opposed the motion. In an order dated December 8, 2015, the Supreme Court denied the plaintiff's motion.
On December 13, 2018, the plaintiff moved for leave to renew its motion to vacate the dismissal order. In an affirmation in support, the plaintiff argued that renewal was appropriate because there had been a change in the law since the order denying the motion was issued. The plaintiff relied on Deutsche Bank Natl. Trust Co. v Bastelli (164 AD3d 748, 749-750), in which this Court held that a court cannot dismiss a complaint pursuant to CPLR 3216 unless the court first serves a written demand to resume prosecution 90 days prior to such a dismissal.
In a letter to the Supreme Court dated August 6, 2019, an attorney representing nonparty Sprint Capital, LLC (hereinafter Sprint), stated that Sprint was the current owner of the subject property and that it opposed the motion. Sprint's attorney stated that he had only learned of the plaintiff's motion for leave to renew one week earlier. No other opposition to the plaintiff's motion to renew was submitted.
In an order dated September 11, 2019, the Supreme Court stated that it accepted Sprint's letter "as an informal letter to intervene for the limited purpose to oppose plaintiff's motion." The court denied the plaintiff's motion for leave to renew.
The plaintiff appeals from the orders dated December 8, 2015, and September 11, 2019, respectively.
The Supreme Court properly denied the plaintiff's motion to vacate the dismissal order. CPLR 5015(a)(1) authorizes a court to relieve a party from an order or judgment, on motion, upon the ground of "excusable default" (see U.S. Bank, N.A. v Hossain, 200 AD3d 1094, 1095; Deutsche Bank Natl. Trust Co. v Morales, 170 AD3d 803, 804). Here, the plaintiff's conclusory and unsubstantiated assertions that its delays were attributable to unspecified issues regarding compliance with administrative orders, and to a FEMA hold regarding Hurricane Sandy, did not constitute a reasonable excuse for its default (see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995; Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 849-850). Moreover, the plaintiff failed to provide an explanation for its almost 2½ year delay in moving to vacate the dismissal order (see LaSalle Bank, N.A. v Delice, 175 AD3d 1283, 1284). Since the plaintiff's contention regarding CPLR 3216 was raised for the first time on the motion for leave to renew, it is not properly before this Court on the appeal from the order dated December 8, 2015.
Regarding the plaintiff's motion for leave to renew, the Supreme Court erred in considering the opposition submitted by Sprint, since Sprint failed to establish that it had a real and substantial interest in the outcome of the proceedings (see CPLR 1012; Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 784-785; cf. ABM Resources Corp. v Doraben, Inc., 89 AD3d 773, 774). Moreover, the plaintiff was prejudiced by the consideration of Sprint's untimely opposition (see Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 739).
Nevertheless, the Supreme Court providently exercised its discretion in denying the [*2]plaintiff's motion for leave to renew. The plaintiff failed to establish that Deutsche Bank Natl. Trust Co. v Bastelli represented a change in the law pursuant to CPLR 2221(e) (see e.g. Delgado v New York City Hous. Auth., 21 AD3d 522; Vasquez v Big Apple Constr. Corp., 306 AD2d 465).
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court