Federal Natl. Mtge. Assn. v Vivenzio (2024 NY Slip Op 03734)

Federal Natl. Mtge. Assn. v Vivenzio

2024 NY Slip Op 03734

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2019-00256
2019-00476
2019-03214
 (Index No. 5818/13)

[*1]Federal National Mortgage Association, etc., respondent, 
v
John F. Vivenzio, et al., appellants, et al., defendants.

Lanin Law P.C., New York, NY (Scott L. Lanin of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Kenny G. Oh and Charles W. Miller III of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants John F. Vivenzio and Michelle Vivenzio appeal from (1) an order of the Supreme Court, Suffolk County (John Iliou, J.), dated October 23, 2015, (2) an order of the same court (Howard H. Heckman, Jr., J.) dated October 18, 2016, and (3) an order of the same court (Howard H. Heckman, Jr., J.) dated September 18, 2018. The order dated October 23, 2015, inter alia, granted that branch of the plaintiff's unopposed motion which was for an order of reference and appointed a referee to compute the amount due to the plaintiff. The order dated October 18, 2016, denied the cross-motion of the defendants John F. Vivenzio and Michelle Vivenzio, among other things, to restore the action to the mortgage foreclosure settlement conference part calendar, to vacate the order of reference, to vacate those defendants' defaults in answering the complaint and for leave to serve a late answer, and, in effect, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them. The order dated September 18, 2018, denied the motion of the defendants John F. Vivenzio and Michelle Vivenzio, in effect, for leave to renew or reargue their opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, which had been granted in an order and judgment of foreclosure and sale (one paper) dated August 17, 2016, and their cross-motion, among other things, to restore the action to the mortgage foreclosure settlement conference part calendar, to vacate the order of reference, to vacate their defaults in answering the complaint and for leave to serve a late answer, and, in effect, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them, which had been denied in the order dated October 18, 2016.
ORDERED that the appeal from the order dated October 23, 2015, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the appeal from so much of the order dated September 18, 2018, as denied that branch of the motion of the defendants John F. Vivenzio and Michelle Vivenzio which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth St. Corp., 201 AD3d 837, 838); and it is further,
ORDERED that the order dated October 18, 2016, is affirmed; and it is further,
ORDERED that the order dated September 18, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On June 11, 2004, the defendants John F. Vivenzio and Michelle Vivenzio (hereinafter together the defendants) executed a note in favor of CitiMortgage, Inc. (hereinafter CitiMortgage), secured by a mortgage on certain real property located in Suffolk County.
On February 27, 2013, CitiMortgage commenced this action against the defendants, among others, to foreclose the mortgage. The defendants were served with process in March 2013. Shortly thereafter, CitiMortgage filed a request for judicial intervention. The defendants filed a pro se notice of appearance on April 1, 2013, but never answered the complaint. Foreclosure settlement conferences were held from June 14, 2013, through August 13, 2014. In an order dated November 21, 2014, the Supreme Court, inter alia, granted CitiMortgage's motion to substitute Federal National Mortgage Association as the plaintiff in this action. On May 12, 2015, the plaintiff moved, among other things, for leave to enter a default judgment against the defendants and for an order of reference.
In an order dated October 23, 2015, the Supreme Court, inter alia, granted that branch of the plaintiff's unopposed motion which was for an order of reference and appointed a referee to compute the amount due to the plaintiff. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. On August 4, 2016, the defendants, proceeding pro se, opposed the motion and cross-moved, among other things, to restore the action to the mortgage foreclosure settlement conference part calendar, to vacate the order of reference, to vacate the defendants' defaults in answering the complaint and for leave to serve a late answer, and, in effect, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them.
In an order and judgment of foreclosure and sale dated August 17, 2016, the Supreme Court, inter alia, confirmed the referee's report and directed the sale of the subject premises. In an order dated October 18, 2016, the court denied the defendants' cross-motion.
By order to show cause dated August 9, 2018, the defendants, proceeding pro se, moved, in effect, for leave to renew or reargue their opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and their cross-motion, among other things, to restore the action to the mortgage foreclosure settlement conference part calendar, to vacate the order of reference, to vacate the defendants' defaults in answering the complaint and for leave to serve a late answer, and, in effect, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them. In an order dated September 18, 2018, the Supreme Court denied the defendants' motion.
The defendants appeal from the orders dated October 23, 2015, October 18, 2016, and September 18, 2018.
The appeal from the order dated October 23, 2015, must be dismissed. The defendants did not oppose the plaintiff's motion, inter alia, for an order of reference, and no appeal lies from an order granted upon the default of the appealing party (see CPLR 5511; U.S. Bank N.A. v 22-33 Brookhaven, Inc., 219 AD3d 657, 661; Depalma v Zherka, 217 AD3d 831, 832).
The Supreme Court properly denied that branch of the defendants' cross-motion which was to vacate their defaults in answering the complaint and for leave to serve a late answer. A party seeking to vacate his or her default in answering the complaint must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). The excuse that the defendants proffer on appeal for their failure to answer the complaint was not presented to the Supreme Court in support [*2]of that branch of their cross-motion which was to vacate their defaults in answering the complaint and for leave to serve a late answer and, therefore, is not properly before this Court on the appeal from the order dated October 18, 2016 (see HSBC Bank USA, N.A. v MacPherson, 210 AD3d 966, 967; SFR Funding, Inc. v Studio Fifty Corp., 36 AD3d 604, 605). Since the defendants failed to demonstrate a reasonable excuse for their default, this Court need not consider whether the defendants demonstrated the existence of any potentially meritorious defenses to the action (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602).
The Supreme Court also properly denied that branch of the defendants' cross-motion which was to vacate the order of reference. The record does not support the defendants' contention that the plaintiff failed to properly serve the defendants' purported counsel of record with the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference or with the additional notice required by CPLR 3215(g). "[I]mproper service of a motion provides a complete excuse for default on a motion and deprives the court of jurisdiction to entertain the motion" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 124-125). Similarly, "failure to provide a defendant who has appeared in an action with the notice required by CPLR 3215(g)(1) . . . is a jurisdictional defect that deprives the court of the authority to entertain a motion for leave to enter a default judgment" (id. at 126). Here, the plaintiff submitted affidavits of service reflecting that it properly served the defendants with the motion, among other things, for leave to enter a default judgment against the defendants and for an order of reference and the additional notice required by CPLR 3215(g)(1) by mail to the address listed on the defendants' pro se notice of appearance dated April 1, 2013 (see id. §§ 321[a]; 2103[c]). The defendants failed to proffer evidence in support of their cross-motion, inter alia, to vacate the order of reference, which was filed pro se, to establish that they were represented by counsel who had appeared in the action and who should have been served with the plaintiff's motion papers at issue pursuant to CPLR 2103(b) (see generally id. § 321[a]; Garafalo v Mayoka, 151 AD3d 1018, 1019-1020). The evidence proffered for the first time in the defendants' reply papers is not properly considered in support of that branch of the defendants' cross-motion which was to vacate the order of reference (see Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 793-794).
The Supreme Court also properly denied that branch of the defendants' cross-motion which was to restore the action to the mortgage foreclosure settlement conference part calendar. In support of that branch of their cross-motion, the defendants contended that the plaintiff failed to negotiate in good faith as required by CPLR 3408(f). "CPLR 3408 mandates settlement conferences in residential foreclosure actions, and requires that the parties at a settlement conference negotiate in good faith" (Capital One, N.A. v McComb, 180 AD3d 743, 744 [citation omitted]). "[W]hether a party failed to negotiate in 'good faith' within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (US Bank N.A. v Sarmiento, 121 AD3d 187, 203). Here, the defendants failed to submit any evidence to demonstrate that the plaintiff or its predecessor in interest failed to negotiate in good faith (see Bank of N.Y. Trust Co., N.A. v Chiejina, 142 AD3d 570, 571-572; Aurora Loan Servs., LLC v Chirinkin, 135 AD3d 676, 676; see also JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 779-780).
The Supreme Court also properly denied that branch of the defendants' cross-motion which was, in effect, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." When an action is subject to a mandatory settlement conference (see id. § 3408), motions shall be held in abeyance while conferences are held and the one-year deadline imposed by CPLR 3215(c) is tolled (see 22 NYCRR 202.12-a[c][7]; Bank of Am., N.A. v Bhola, 219 AD3d 430, 432; Cumanet, LLC v Murad, 188 AD3d 1149, 1151). Here, contrary to the defendants' contention, the plaintiff timely took proceedings for the entry of a judgment, as the plaintiff filed the motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference approximately nine months after the last settlement conference (see Bank of Am., N.A. v Bhola, 219 AD3d at 432; Cumanet, LLC v Murad, 188 AD3d at 1151; U.S. Bank, N.A. v Duran, 174 AD3d 768, 768-769).
The Supreme Court also properly denied that branch of the defendants' motion which was, in effect, for leave to renew the defendants' opposition to the plaintiff's motion, inter alia, for a judgment of foreclosure and sale and their cross-motion, among other things, to restore the action to the mortgage foreclosure settlement conference part calendar, to vacate the order of reference, to vacate the defendants' defaults in answering the complaint and for leave to serve a late answer, and, in effect, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, the court properly denied that branch of the defendants' motion which was, in effect, for leave to renew, as the defendants failed to offer new facts or demonstrate a change in the law that would change the court's prior determinations (see Waterfall Victoria Grantor Trust II, Series G v Philantrope, 211 AD3d 986, 988; Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc., 211 AD3d 790, 791).
The defendants' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.

2019-00256 DECISION & ORDER ON MOTION
2019-00476
2019-03214
Federal National Mortgage Association, etc.,
respondent, v John F. Vivenzio, et al., appellants,
et al., defendants.
(Index No. 5818/13)

Motion by the plaintiff, inter alia, to dismiss the appeal from an order dated October 23, 2015, on the grounds that the right of direct appeal from the order terminated upon the entry of an order and judgment of foreclosure and sale (one paper) dated August 17, 2016, and that the dismissal of the appeal from the order and judgment of foreclosure and sale for failure to timely perfect precludes consideration of the issues that could have been raised on that appeal on the appeal from the order. By decision and order on motion of this Court dated July 19, 2021, that branch of the motion which is to dismiss the appeal from the order dated October 23, 2015, was held in abeyance and referred to the panel of Justices hearing the appeals from the order dated October 23, 2015, an order dated October 18, 2016, and an order dated September 18, 2018, for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated October 23, 2015, is denied as academic in light of the determination on the appeals (see Federal National Mortgage Association v Vivenzio, _____ AD3d _____ [Appellate Division Docket Nos. 2019-00256, 2019-00476, 2019-03214; decided herewith]).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court