Wells Fargo Bank, N.A. v Sulton (2025 NY Slip Op 01128)

Wells Fargo Bank, N.A. v Sulton

2025 NY Slip Op 01128

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-05236
 (Index Nos. 16658/10, 503546/17)

[*1]Wells Fargo Bank, N.A., plaintiff, 
v
Andre Sulton, appellant, et al., defendants; Wilmington Trust, National Association, etc., nonparty-respondent. (Action No. 1.)
Wilmington Trust, National Association, etc., respondent,Andre Sulton, appellant, et al., defendants. (Action No. 2.)

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa of counsel), for plaintiff in Action No. 1.

DECISION & ORDER
In two related actions to foreclose a mortgage, Andre Sulton, a defendant in Action Nos. 1 and 2, appeals, in part by permission, from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated May 16, 2022. The order, insofar as appealed from, granted that branch of the motion of Wilmington Trust, National Association, the plaintiff in Action No. 2 and as successor in interest of the plaintiff in Action No. 1, which was to vacate an order of the same court (Lawrence Knipel, J.) dated August 15, 2013, sua sponte, directing dismissal of the complaint in Action No. 1 as abandoned pursuant to CPLR 3215(c), and, sua sponte, directed dismissal of Action No. 2.
ORDERED that the order dated May 16, 2022, is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the motion of Wilmington Trust, National Association, which was to vacate the order dated August 15, 2013, is denied.
In July 2010, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action against Andre Sulton (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter Action No. 1). The defendant interposed an answer. In an order dated August 15, 2013 (hereinafter the 2013 dismissal order), the Supreme Court, sua sponte, directed dismissal of the complaint in Action No. 1 as abandoned pursuant to CPLR 3215(c).
In February 2017, Wilmington Trust, National Association (hereinafter Wilmington), Wells Fargo's successor in interest, commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter Action No. 2). The defendant interposed an answer with various [*2]affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In June 2021, Wilmington moved in Action No. 1, inter alia, to vacate the 2013 dismissal order and to consolidate Action Nos. 1 and 2. In an order dated May 16, 2022, the Supreme Court, among other things, granted that branch of Wilmington's motion which was to vacate the 2013 dismissal order. In addition, the court, which did not determine that branch of Wilmington's motion which was to consolidate Action Nos. 1 and 2, sua sponte, directed dismissal of Action No. 2. The defendant appeals.
"Under CPLR 5015(a), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based" (Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788; see HSBC Bank USA, N.A. v Trabolsi, 226 AD3d 985). "In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment 'for sufficient reason and in the interests of substantial justice'" (Deutsche Bank Natl. Trust Co. v Neuman, 214 AD3d 952, 953, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "However, a court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" (id. [alterations and internal quotation marks omitted]). In other words, "[a] court should only exercise its discretionary authority to vacate a judgment in the interests of substantial justice where unique or unusual circumstances . . . warrant such action" (id. at 953-954 [internal quotation marks omitted]).
Here, the Supreme Court improvidently exercised its discretion in granting that branch of the Wilmington's motion which was to vacate the 2013 dismissal order. Importantly, Wilmington did not adequately explain why it delayed nearly eight years before filing its motion, inter alia, to vacate the 2013 dismissal order (see HSBC Bank USA, N.A. v MacPherson, 210 AD3d 966, 968; LaSalle Bank, N.A. v Delice, 175 AD3d 1283, 1284). Moreover, Wilmington did not provide any explanation as to why the interests of substantial justice would be served by vacating the 2013 dismissal order, in particular, where Action No. 2, concerning the same subject matter, was pending when Wilmington filed the motion, among other things, to vacate the 2013 dismissal order (see Countrywide Home Loans Servicing, L.P. v DiGiovanni, 205 AD3d 676, 677).
In light of the foregoing, we reverse so much of the order dated May 16, 2022, as, sua sponte, directed dismissal of Action No. 2.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court