Wells Fargo Bank, N.A. v Griffith (2025 NY Slip Op 51845(U))

[*1]

Wells Fargo Bank, N.A. v Griffith

2025 NY Slip Op 51845(U)

Decided on November 20, 2025

Supreme Court, Onondaga County

Neri, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 20, 2025
Supreme Court, Onondaga County

Wells Fargo Bank, N.A., as Trustee for ABFC Asset-Backed Certificates, Series 2004-OPT1, Plaintiffs,

against
Susan J. Griffith a/k/a SUSAN GRIFFITH; AMERICREDIT CORP; LR CREDIT 12 LLC; "JOHN DOE#1" through "JOHN DOE#12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint, Defendants.

Index No. 009482/2024

Plaintiff-Melissa A. Sposato Esq. from McCabe Weisberg & Conway, LLC
Defendant, Susan J. Griffith- Edward Francis Zaremba Esq. from Frank H. Hiscock Legal Aid Society

Gerard J. Neri, J.

By Notice of Motion dated July 7, 2025, Plaintiff Wells Fargo Bank, N.A., as Trustee for ABFC Asset-Backed Certificates, Series 2004-OPT ("Wells Fargo" or the "Plaintiff") moves to renew and reargue Plaintiff's motion for summary judgment, and upon renewal or reargument, grant Plaintiff's motion and deny the order to show cause brought by Defendant Susan J. Griffith ("Griffith" or the "Defendant"), and seeks such other and further relief as the Court deems just and proper (Doc. No. 64). Plaintiff asserts "that the Court erred by considering events that took place outside the time that this action was in the Settlement Part. While CPLR 3408[f] provides that the obligation to negotiate in good faith is measured by the 'totality of the circumstances,' such examination is limited to the actions that took place while the case was in the Settlement Part" (Affirmation, Doc. No. 65, ¶27; see also Citimortgage, Inc. v. Rockefeller, 155 AD3d 998, 999 [Second Dept. 2017]; see also PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1148 [Second Dept. 2016]; see also Wells Fargo Bank, N.A. v Miller, 136 AD3d 1024, 1025[Second Dept. 2016]). Plaintiff notes that it was willing to participate in the single settlement conference in the instant action, but it was Defendant who desired to pursue litigation (Affirmation, Doc. No. 65, ¶31). Plaintiff then asserts:
"The Borrower's testimony as to her attempts to obtain a loan modification in 2016 precedes the Prior Action and took place over eight years prior to the Settlement Conference in the current action. The conduct that occurred prior to or during the Prior Action does not form a proper basis to determine whether Plaintiff negotiated in good faith in the current action. Plaintiff was already sanctioned in the Prior Action. Dismissal of the current action due to the Plaintiff's conduct in the Prior Action and conduct prior thereto, is improper" (ibid, ¶33).
Plaintiff argues that dismissal is unduly harsh as it would give Defendant a "windfall" and alternatively proposes that "cancellation of interest where there was undue delay, should instead be considered" (ibid, ¶36).
Counsel then appeared on behalf of Defendant (Doc. No. 69) and requested a further conference to attempt to settle the matter (Doc. No. 70). Counsel then submitted a specific briefing schedule with a proposed date for a settlement conference (Doc. No. 73). The Court granted the request (Doc. No. 74). Plaintiff failed to appear at the conference and the Court set a new briefing schedule to permit Defendant to respond (Doc. No. 75). Shortly thereafter, Plaintiff's Counsel filed a letter attributing the missed appearance to "a calendaring error", noted that Plaintiff rejected Defendant's settlement offer, and requested a further conference (Doc. No. 76). No further conference was set.
Defendant responded and generally asserted that the Court's determination was correct and that the instant motion should be denied (Doc. No. 77). Defendant disputes Plaintiff's limited view of CPLR §3408 (ibid, ¶10, et seq.). Defendant notes that a finding of failure to negotiate in good faith has been upheld in similar circumstances where the trial court considered actions predating the formal settlement conference (see Wells Fargo Bank, N.A. v. Meyers, 108 AD3d 9 [Second Dept. 2013]). The Meyers court noted "this conduct is relevant in the overall context of the parties' relationship and the negotiations between them" (ibid at 17). Defendant asserts that the Court correctly found Plaintiff failed to negotiate in good faith. Defendant further asserts that the Court correctly found the action time-barred (Doc. No. 77, ¶20). Defendant prays the Court deny the instant motion.
Plaintiff replied and reiterated its arguments (Doc. No. 80). 
Discussion:
Plaintiff brings this combined motion to renew and reargue the Parties' prior motions resulting in dismissal of the action.
"A combined motion for leave to reargue and leave to renew shall identify separately and support separately each item of relief sought. The court, in determining a combined motion for leave to reargue and leave to renew, shall decide each part of the motion as if it were separately made. If a motion for leave to reargue or leave to renew is granted, the court may adhere to the determination on the original motion or may alter that determination" (CPLR §2221[f]).
A motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR §2221[d]). A motion to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR §2221[e]). Plaintiff failed to identify any "new facts" in the instant motion, therefore Plaintiff's motion to renew is denied. The Court is left only with Plaintiff's [*2]motion to reargue.
"[A] motion for leave to reargue may be granted only upon a showing that the court overlooked or misapprehended the facts or the law, or for some reason mistakenly arrived at its earlier decision" (Smith v. City of Buffalo, 122 AD3d 1419, 1420 [Fourth Dept. 2014], internal quotations and citations omitted). Plaintiff asserts that the Court was mistaken in its consideration of CPLR §3408's "totality of the circumstances".
"To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must determine that the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution. Where a plaintiff fails to expeditiously review submitted financial information, sends inconsistent and contradictory communications, and denies requests for a loan modification without adequate grounds, or, conversely, where a defendant fails to provide requested financial information or provides incomplete or misleading financial information, such conduct could constitute the failure to negotiate in good faith to reach a mutually agreeable resolution" (Wells Fargo Bank, N.A. v Miller, 136 AD3d 1024, 1025 [Second Dept. 2016], internal quotations and citations omitted).
Plaintiff consistently and repetitively asserts that this Court may not consider conduct occurring eight years ago (see e.g., Reply, Doc. No. 80, "This conduct took place eight years before the current action was filed and should not be considered in determining whether plaintiff negotiated in good faith in the current action"). Yet it is the conduct of Defendant eight years ago which is the basis of the action. Plaintiff alleged in a prior motion that the original default date was December 1, 2016 (Doc. No. 32, ¶11). Because of Plaintiff's dilatory conduct, the instant action merely seeks to recoup monies from November 1, 2018 (Doc. No. 65, ¶45, citing Plaintiff's prior Memorandum of Law, Doc. No. 45, p. 6, "Plaintiff waived two years of missed payments, thereby advancing the default date to November 1, 2018"). 
CPLR §3408[f] provides a starting point on what conduct is to be considered:
"Compliance with the obligation to negotiate in good faith pursuant to this section shall be measured by the totality of the circumstances, including but not limited to the following factors:
1. Compliance with the requirements of this rule and applicable court rules, court orders, and directives by the court or its designee pertaining to the settlement conference process;
2. Compliance with applicable mortgage servicing laws, rules, regulations, investor directives, and loss mitigation standards or options concerning loan modifications, short sales, and deeds in lieu of foreclosure; and
3. Conduct consistent with efforts to reach a mutually agreeable resolution, including but not limited to, avoiding unreasonable delay, appearing at the settlement conference with authority to fully dispose of the case, avoiding prosecution of foreclosure proceedings while loss mitigation applications are pending, and providing accurate information to the court and parties" (CPLR §3408[f], emphasis added).
Reviewing the plain language of the statute, it is hard to reconcile Plaintiff's limited view of CPLR §3408. Item numbered "2" commands the court to consider "compliance with applicable mortgage servicing laws, rules, regulations, investor directives, and loss mitigation standards or options concerning loan modifications, short sales, and deeds in lieu of foreclosure" (ibid). Plaintiff would have us believe a lender could violate any number of rules or laws, and so long [*3]as those violations occurred prior to the formal foreclosure settlement conference, a court could not consider such violations in determining whether a lender negotiated in good faith.
At the heart of the instant matter is what the Miller Court referred to as "inconsistent and contradictory communications" (Miller supra at 1025). Defendant's unrebutted testimony, as noted in the Court's subject Decision and Order, was that when confronted with an imminent loss of income, Defendant proactively approached Plaintiff on a loan modification (Decision and Order, Doc. No. 57, p. 2). Plaintiff told Defendant not to make any payments during the application process (ibid, p. 3). Defendant was told the modification was complete, only to find out that was not the case and Plaintiff deemed the loan in default (ibid, p. 2). Defendant made efforts to pay what Plaintiff alleged was owed to bring the loan current, only to be told that the tender was insufficient (ibid). Plaintiff would have the Court turn a blind eye to this conduct.
Plaintiff then asserts that it has already been punished for its dilatory conduct: "The plaintiff was already penalized for its conduct in the prior action by the dismissal of the action without prejudice" (Reply, Doc. No. 80, ¶7). However, Justice Greenwood's dismissal order was predicated on Plaintiff failure to appear at three separate settlement conferences (Doc. No. 53). Justice Greenwood subsequently denied Plaintiff's motion to vacate the dismissal as Plaintiff waited two-and-a-half years to file said application (Doc. No. 54). From the plain language of Justice Greenwood's dismissal order, "a conference having been scheduled before Justice Donald A. Greenwood on August 27, 2019, and a representative of the plaintiff bank having been directed to appear and having failed to appear on April 16, 2019, May 21, 2019 and August 27, 2019" (Doc. No. 53), it would appear the dismissal was a result of Plaintiff's default (see 22 NYCRR 202.27).
This Court's Decision and Order recounts the "totality of circumstances" of this matter, from Defendant's initial default done at Plaintiff's direction in 2016, through Plaintiff's inexplicable delays in prosecuting the case (Doc. No. 57). In fact, further examples of Plaintiff's lack of good faith continue to appear. As noted, Plaintiff's Counsel filed a letter noting its latest failure to appear, Plaintiff rejected Defendant's settlement offer and, based on this record, failed to make a counteroffer (Doc. No. 76). Plaintiff's constricted view of CPLR §3408 would have us focus on a singular virtual appearance on one day during a nearly decade-long saga. Plaintiff has failed to meet its burden.
Plaintiff further asserts that this Court misapprehended the statute of limitations. The Statute of limitations runs from the time the debt is accelerated. Plaintiff declared the debt accelerated in its prior action in a summons and complaint dated January 23, 2018 (Doc. No. 52). Plaintiff disputes this calculation and asserts the Court may not relay on the "drafting of the complaint" (Reply, Doc. No. 80, ¶16). If the Court were to rely on the "drafting of the complaint", it is clear that date would be even earlier as the draft of the complaint anticipated a date in 2017, as evidenced by the year scratched out and the handwritten "January 23, 2018" inserted in place of the scratched out "2017" (Doc. No. 52). The fact remains that the Plaintiff declared the debt accelerated on January 23, 2018 when the document was signed by counsel (Doc. No. 52).
The Court grants the motion to reargue, and upon reargument adheres to the prior determination for the reasons stated in the June 4, 2025 Decision and Order (Doc. No. 57) and as amplified or expounded upon in this Decision and Order.
NOW, THEREFORE, upon reading and filing the papers with respect to the Motion and due deliberation having been had thereon, it is hereby
ORDERED, that Plaintiff's motion to renew is DENIED; and it is further
ORDERED, that Plaintiff's motion to reargue is GRANTED; and it is further
ORDERED, that upon reargument the Court adheres to the prior determination for the reasons stated therein and hereinabove.
Dated: November 20, 2025
HON. GERARD J. NERI, J.S.C.
ENTER.